# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JAKE PAUL HEINEY, | CASE NO. 3:21-CV-00501 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| vs. | |
| DONNA MOORE, DIRECTOR, LUCAS COUNTY ADULT PROBATION DEPT., et al., | MAGISTRATE JUDGE AMANDA M. KNAPP |
| | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

This matter is before the Court on Plaintiff's counsel's unopposed Motion to Withdraw as Attorney (ECF Docs. 24, 29), and Plaintiff's unopposed Motion for Leave for *Pro Se* Party to File Electronically (ECF Doc. 25). For the following reasons, the Motion to Withdraw is GRANTED, and the Request to File Electronically is DENIED.

## I. Motion to Withdraw

On October 18, 2021, Plaintiff's counsel filed a Motion to Withdraw as Attorney. (ECF Doc. 24.) Pursuant to the Court's Order (ECF Doc. 28), Plaintiff's counsel filed a Supplemental Motion to Withdraw on November 16, 2021, attaching affidavits from Plaintiff and attorney Michael Stahl ("Attorney Stahl") attesting that Plaintiff consents to his counsel's withdrawal and desires to proceed *pro se*. (ECF Doc. 29.) The Motion is unopposed.

1

The basis for the Motion to Withdraw is an asserted conflict of interest that may impair Attorney Stahl's ability to continue to represent Plaintiff. (ECF Doc. 29-2, p. 1.) Specifically, Attorney Stahl has identified an error he made in his representation of Plaintiff and determined that Plaintiff may seek to excuse the procedural default of some of the claims in his petition by arguing that Attorney Stahl's error constituted ineffective assistance of counsel. (*Id*.) Attorney Stahl concluded that Ohio Rule of Professional Conduct 1.18 required him to inform his client of this error and the potential resulting conflict of interest. (*Id*., pp. 1-2.) After being informed of the potential conflict, Plaintiff consented to the withdrawal and elected to proceed *pro se*. (*Id*., p. 2; ECF Doc. 29-1, p. 1.)

Under Local Rule 83.7(a), attorneys admitted to practice in this Court are bound by the ethical rules in the Ohio Rules of Professional Conduct. *Sec'y of Lab. v. Monroe Trades Corp.*, No. 1:17-CV-272, 2019 WL 11767598, at *2 (S.D. Ohio Apr. 22, 2019). Rule 1.16(b) of the Ohio Rules of Professional Conduct provides that an attorney may withdraw from representing a client in the following circumstances:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is illegal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation, financial or otherwise, to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;

(7) the client gives informed consent to termination of the representation;

(8) the lawyer sells the law practice in accordance with Rule 1.17;

(9) other good cause for withdrawal exists.

Ohio R. Prof. Conduct 1.16(b) (2017).

After reviewing the motion and supplemental affidavits submitted by Plaintiff and his counsel, the Court finds that the Motion to Withdraw is in compliance with Local Rule 83.9 and Ohio Rules of Professional Conduct 1.16(b)(1) and (7). All parties have received written notification of Attorney Stahl's intent to withdraw, as required by Local Rule 83.9. (ECF Doc. 24, p. 2.) The supplemental affidavits submitted by Plaintiff (ECF Doc. 29-1) and Attorney Stahl (ECF Doc. 29-2) satisfy the Court that Plaintiff has given informed consent to the termination of the representation, as required by Ohio Rule of Professional Conduct 1.16(b)(7).

The remaining issue is whether withdrawal can be accomplished without material adverse effect on Plaintiff's interests. Ohio R. Prof. Conduct 1.16(b)(1). Here, Attorney Stahl has made clear efforts to mitigate any harm to his client. He filed both a Traverse (ECF Doc. 22) and a Motion to Expand the Record (ECF Doc. 26) on the same date as he filed the Motion to Withdraw. This appears to have been an effort to minimize the delay to the proceedings. Further, on November 11, 2021, an extension of time to respond to the Traverse was granted to Defendants at their request. (ECF Docs. 27, 29.) The Court anticipates no additional delay resulting from granting this Motion to Withdraw, as the additional time granted to Defendants is sufficient to allow Plaintiff to seek alternative counsel, should he reconsider his determination to proceed *pro se*. Finally, Plaintiff's counsel attests that Plaintiff "is fully competent, has been an engaged client throughout the representation, [and] has a high level of education as a surgeon."

(ECF Doc. 29-2, p. 1.) This Court accordingly has no reason to question Plaintiff's ability to move forward in this litigation in the manner of his choosing.

For all the foregoing reasons, Plaintiff's Motion to Withdraw as Attorney as supplemented (ECF Docs. 24, 29) is GRANTED.

## II. Request to File Electronically

Plaintiff's counsel has also filed a motion described as a *pro se* request by Plaintiff for permission to file documents electronically through the Northern District of Ohio's electronic filing system. (ECF Doc. 25.) Although articulated as a *pro se* request, the Motion was both filed and signed by Plaintiff's counsel. (*Id.*) The Motion is unopposed.

Local Rule 5.1(c) provides, in pertinent part:

> [T]ypically only registered attorneys, as Officers of the Court, will be permitted to file electronically. The Judicial Officer may, at his or her discretion, grant a *pro se* litigant who demonstrates a willingness and capability to file documents electronically permission to register to do so.

LR 5.1(c). Although this permission may be granted at the discretion of the Court, it is the preferred policy of this District to limit electronic filing access to registered attorneys, unless extenuating circumstances justify waiving this procedure. *See* United States District Court Northern District of Ohio Electronic Filing Policies and Procedures Manual (February 10, 2020) ("While parties and pro se litigants may register to receive "read only" electronic filing accounts so that they may access documents in the system and receive electronic notice, typically only registered attorneys, as Officers of the Court, will be permitted to file electronically.");[1] *see also Johnson v. Working America, Inc.*, No. 1:12CV1505, 2012 WL 5948639, *5 (N.D. Ohio Nov. 1, 2012) ("It is this District's preferred policy, however, to disallow *pro se* litigants access to

---

[1] Available at https://www.ohnd.uscourts.gov/sites/ohnd/files/AppendixB%20Policies%20and%20Procedures%20 Manual-February%2010%202020.pdf (last visited Nov. 17, 2021).

electronic filing unless extenuating circumstances exist to justify waiving these procedures"), *report and recommendation adopted*, 2012 WL 5947607 (N.D. Ohio Nov. 28, 2012).

The record presently before the Court does not support a finding that extenuating circumstances justify granting Plaintiff access to the electronic filing system as a *pro se* litigant. First, it is noted that the relevant Motion was apparently prepared, signed, and filed by Plaintiff's counsel, leaving the Court with no evidence or other information to support a finding that Plaintiff has "a willingness and capability to file documents electronically." LR 5.1(c). Further, there is no evidence or other information suggesting that Plaintiff is aware of or able to abide by all Court rules, orders, policies, and procedures pertaining to the use of the Court's electronic filing system. The Court notes resources for *pro se* plaintiffs are available on the United States District Court, Northern District of Ohio website.[2] This includes an application for a "read only" account on CM/ECF, which allows litigants to view receive notifications and view electronic docket sheets and documents, and does not require approval of the Court.

Accordingly, for all the foregoing reasons, Plaintiff's Motion to File Electronically (ECF Doc. 25) is DENIED.

Dated: November 18, 2021

                                          *s/ Amanda M. Knapp*
                                          AMANDA M. KNAPP
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] Available at https://www.ohnd.uscourts.gov/pro-se-information (last visited Nov. 17, 2021).