IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAKE PAUL HEINEY, | CASE NO. 3:21-CV-00501 |
| Plaintiff, | |
| vs. | DISTRICT JUDGE DAN AARON POLSTER |
| DONNA MOORE, Director, Lucas County Adult Probation Department; *et al.* | MAGISTRATE JUDGE AMANDA M. KNAPP |
| Defendants. | **ORDER** |

Before the Court are two motions filed by *pro se* Petitioner Jake Paul Heiney ("Petitioner"), a Motion to Accept Expanding the Record Evidence or in the Alternative Motion for an Evidentiary Hearing ("Motion to Expand Record") (ECF Doc. 26) and Motion to Replace Traverse Exhibits with Traverse Exhibits with Exhibit Labels ("Motion to Replace Exhibits") (ECF Doc. 37). Respondents Donna Moore and Molly Hicks ("Respondents") filed a Response in Opposition to the Motion to Expand Record (ECF Doc. 34) but did not oppose the Motion to Replace Exhibits. Petitioner filed a Reply in support of the Motion to Expand Record. (ECF Doc. 36.) For the reasons that follow, Petitioner's Motion to Expand Record (ECF Doc. 26) and Motion to Replace Exhibits (ECF Doc. 37) are GRANTED in part and DENIED in part.

### I. Procedural Background

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in this Court, with the assistance of counsel, on March 3, 2021. (ECF Doc. 1.) On that same date, Petitioner filed a Motion to Stay and Hold in Abeyance. (ECF Doc. 4.) Petitioner was ordered to file an Amended Petition on March 5, 2021 (ECF Doc. 6) and filed his First Amended Petition

1

for Writ of Habeas Corpus on March 18, 2021 (ECF Doc. 7). On that same date, Petitioner filed an Amended Motion to Stay and Hold in Abeyance. (ECF Doc. 8.) Petitioner was ordered to file a Second Amended Petition on April 19, 2021 (ECF Doc. 11) and filed his Second Amended Petition for Writ of Habeas Corpus on May 2, 2021 (ECF Doc. 12). On the same date, he again filed an Amended Motion to Stay and Hold in Abeyance. (ECF Doc. 13.)

On May 21, 2021, the Magistrate Judge issued an Interim Report and Recommendation that the Amended Motion to Stay Petition for Habeas Corpus Relief and Hold in Abeyance (ECF Doc. 13) be denied, but that Petitioner be afforded an opportunity to file an amended petition deleting his unexhausted claims. (ECF Doc. 16.) The Magistrate Judge found that Petitioner had not presented a "mixed" petition warranting a stay because the four grounds for relief set forth in his Petition were reportedly fully exhausted in the state court (*id.* at pp. 3-4), because he had not demonstrated diligence in pursuing additional unexhausted claims (*id.* at pp. 4-5), and because he had not demonstrated that any unexhausted issues were potentially meritorious (*id.* at pp. 5-7).

Petitioner did not object to the Report and Recommendation, instead filing a Third Amended Petition for Writ of Habeas Corpus ("Third Amended Petition") on June 4, 2021 which set forth only those claims for relief that he asserted were exhausted before the state court. (ECF Doc. 17.) On June 9, 2021, the Court adopted the Magistrate Judge's Report and Recommendation and Denied Petitioner's Amended Motion to Stay. (ECF Doc. 18.)

Petitioner's Third Amended Petition controls for purposes of this Court's review, and asserts four grounds for relief:

1. Dr. Heiney's right to due process and a fair trial was violated under the United States Constitution Amendments V, and XIV as his convictions are not supported by sufficient evidence;

2. Dr. Heiney's was denied the right to a trial by jury under Amendments VI and XIV and Due Process under Amendment XIV;

   3. Dr. Heiney's right to effective assistance of counsel was deprived under the United States Constitution Amendment VI, XIV; and

   4. Dr. Heiney claims actual innocence to excuse any procedural defaults in his claims.

(*Id.* at pp. 1-4.)

On September 2, 2021, Respondents filed their Return of Writ. (ECF Doc. 20.) Petitioner filed his Traverse to Return of Writ ("Traverse") with the assistance of counsel on October 18, 2021, attaching thirty-seven (37) exhibits. (ECF Docs. 22 & 22-1 through 22-37.) On that same date, with the assistance of counsel, he filed the Motion to Expand Record that is presently before this Court. (ECF Doc. 26.) His attorney also filed a Motion to Withdraw as Attorney on that date. (ECF Doc. 24.) Following the filing of a supplement to the unopposed Motion to Withdraw (ECF Docs. 28, 29), the Motion to Withdraw was granted on November 18, 2021 and Petitioner proceeded in a *pro se* capacity. (ECF Doc. 30.)

On December 6, 2021, Respondents filed a Response in Opposition to the Motion to Expand Record. (ECF Doc. 34.) On December 13, 2021, now proceeding *pro se*, Petitioner filed a Reply in support of the Motion. (ECF. Doc. 36.) On December 14, 2021, Petitioner also filed a Motion to Replace Exhibits, seeking leave to replace the exhibits previously attached to his Traverse (ECF Docs. 22-1 through 22-37) with copies of the same documents that had added exhibit labels (ECF Docs. 37 & 37-1 through 37-37). Respondents did not file an opposition to the Motion to Replace Exhibits.

## II. Factual Background

The state court of appeals set forth the following facts underlying Petitioner's conviction during its review of his postconviction petition for relief:

> {¶ 2} Heiney is an orthopedic surgeon who ran his own medical practice. In the criminal case against him, the state alleged that Heiney touched two female patients inappropriately while examining them in 2015. The state also alleged that Heiney

3

altered electronic medical records "in an attempt to provide a medical rationale for his groping [one of the patient's] breasts and buttocks."

. . .

{¶ 5} The two victims in this case were identified as M.S. and K.O. M.S. sought treatment with Heiney for pain that was confined to her left shoulder. During M.S.'s last appointment, Heiney asked for, and M.S. consented to, Heiney performing a "breast exam." Heiney pulled the cup of her bra down, exposing her breast and then "pushed" and "squeezed" her breast between his fingers. Heiney also gave M.S. an injection in her shoulder. In preparation for that injection, Heiney pulled the cup of her bra away from her body and placed a piece of gauze "deep inside the bra under [her] breast." No one else was present in the exam room at the time, and M.S. did not recall that Heiney wore gloves. M.S. did not return to Heiney after the appointment and instead began treating with Charles Foetisch, M.D., also an orthopedic surgeon.

{¶ 6} K.O. sought treatment with Heiney on one occasion for left shoulder, low back, and radiating hip pain. Heiney performed three "breast exams" on K.O. that were similar to that described by M.S. When Heiney examined K.O.'s low back, he asked K.O. to turn around and touch her toes. He then "grabbed [her] pants and * * * underwear and pulled them down to right above [her] knees, and then started to feel around on [her] behind, * * * side and * * * upper thigh region where his fingers kind of brushed against [her] private area." Heiney was not wearing gloves at the time, and no one else was present in the exam room. K.O. reported Heiney's conduct to the police. She also obtained a copy of her medical records from Heiney's office and gave them to the police.

{¶ 7} Heiney was interviewed by police with respect to K.O.'s complaint. Within hours after the interview, Heiney viewed and printed K.O.'s electronic medical record. The next day, Heiney gave his medical assistant his handwritten notes and asked the assistant to create an addendum to the original record. Although modified, the original electronic record remained in the system.

{¶ 8} Three weeks before trial, Heiney identified Serge Kaska, M.D., as a "potential expert" and sought leave to file his expert report, which the trial court granted. According to his report, Dr. Kaska is an expert in orthopedic medicine, and he would have testified as to "proper physical examination techniques * * * to rebut the testimony of [the state's expert], Dr. Christopher Foetisch." The defense did not call Dr. Kaska to testify at trial or any other expert.

{¶ 9} Dr. Foetisch testified as a lay witness (as M.S.'s treating physician) and as an expert witness (in orthopedic medicine). Foetisch testified that he follows "generally recommended" exam guidelines set forth by the American Medical Association ("AMA") by, for example, always having a third person in the room when he examines a patient. As a practicing orthopedic surgeon, Foetisch has never found it medically necessary to give a patient a breast exam, place gauze in the bra

4

of a patient who is receiving a shoulder injection, or remove a patient's underwear during an examination.

*State v. Heiney*, 2020 WL 2096398, at *1-2 (Ohio Ct. App. 2020).

### IV. Discussion

**A.  Motion to Expand the Record or in the Alternative for an Evidentiary Hearing**

Petitioner requests that this Court "accept any of his expanding the record exhibits that were not presented to the State in the first instance pursuant to Habeas Rule 7, Grounds for Relief IV claim of actual innocence and per the Court's own previous ruling on the case." (ECF Doc. 26, p. 1.)  Although not entirely clear, Petitioner's language suggests he is seeking leave to expand the record to include all of the thirty-seven (37) exhibits attached to his Traverse, even those documents that were not presented to the state court in the first instance.  (*See* ECF Docs. 22-1 through 22-37; ECF Docs. 37-1 through 37-37).

In support of his Motion, he offers four general arguments.  First, he argues expansion of the record is "expressly permitted" by Habeas Rule 7.  (ECF Doc. 26 pp. 1-2.)  Second, he argues under *Vasquez v. Hillery*, 474 U.S. 254 (1986) that exhaustion principles are not violated by the consideration of new evidence that "merely 'supplements' a habeas corpus claim that was previously exhausted, rather than altering the 'fundamental nature' of that claim."  (*Id.* p. 2 (quoting *Vasquez*, 474 U.S. at 260).)  Third, he notes that he is seeking to excuse any procedural defaults on the grounds of "actual innocence."  (*Id.* p. 3.)  Finally, he notes that this Court previously denied his request to stay this case, preventing the exhibits he seeks to admit from being presented to the state court in the first instance.  (*Id.*)

As to the fourth argument, that Petitioner sought to present some of the material he is seeking to admit "to the State in the first instance" when he moved to stay this action while he pursued unexhausted claims in state court (ECF Doc. 26 p. 3), the Court notes that Petitioner's

5

arguments in the motion to stay were fully addressed in a detailed Interim Report and Recommendation that was adopted by the Court. (ECF Docs. 16, 18.) None of the issues that were decided in the order on that motion will be revisited here.

With regard to Petitioner's other three arguments, the Court will first discuss the applicable legal standards and then address how those standards apply in this case.

### 1. Law Governing Claims Adjudicated on the Merits in State Court

Where a habeas petitioner asserts a claim that was "adjudicated on the merits in State court proceedings," the Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing 18 U.S.C. § 2254). Indeed, the *Pinholster* Court explicitly held "that evidence introduced in federal court has no bearing on § 2254(d)(1) review" and a habeas petitioner must instead rely only "on the record that was before the state court" in seeking to overcome the limitations in § 2254(d)(1). *Id.*

The Sixth Circuit has since clarified that "a district court cannot use a federal evidentiary hearing to supplement the record when assessing a claim under § 2254(d)." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (citing *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 465 (6th Cir. 2012)). In contrast, a district court could potentially expand the record in situations where the petitioner's claim "was never 'adjudicated on the merits' by a state court" or where the petitioner has already met the § 2254(d) standard based on a review of the state court record alone. *See Stermer*, 959 F.3d at 721-22; *see also Pinholster*, 563 U.S. at 186.

While this Court does have some discretion to expand the record or order an evidentiary hearing as provided in Rules 7 and 8 of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254 (2010), the Court is significantly constrained by the above Supreme Court precedent when the

relevant claims were adjudicated on the merits in state court. This Court's ability to grant an evidentiary hearing is further constrained by the statutory requirements of 28 U.S.C. § 2254(e)(2), which provides:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

For the reasons stated above, governing law significantly constrains this Court's ability to expand the record or hold an evidentiary hearing in support of habeas claims that were adjudicated on the merits in state court.

### 2. Law Governing Procedurally Defaulted Claims

As a general matter, a petitioner must exhaust his remedies in state court before a federal court may grant habeas corpus relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The purpose of this requirement is to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *Id.* The Supreme Court notes that "federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient efforts to pursue in state proceedings." *Pinholster*, 563 U.S. at 186.

7

Nevertheless, the Supreme Court has recognized that "a federal court is not required to automatically deny unexhausted or procedurally defaulted claims." *Shinn v. Ramirez*, 142 S.Ct. 1718, 1732 (2022). With respect to such claims, the Supreme Court explains:

> When a claim is procedurally defaulted, <u>a federal court can forgive the default and adjudicate the claim if the prisoner provides an adequate excuse</u>. Likewise, if the state-court record for that defaulted claim is undeveloped, the prisoner must show that factual development in federal court is appropriate.

*Shinn*, 142 S.Ct. at 1732-33 (emphasis added). The Court also set forth a specific standard to excuse procedural default, as follows:

> <u>[F]ederal courts may excuse procedural default only if a prisoner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law</u>." … To establish cause, the prisoner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." … Then, to establish prejudice, the prisoner must show not merely a substantial federal claim, such that, "'the errors at … trial created a *possibility* of prejudice," but rather that the constitutional violation "worked to his *actual* and substantial disadvantage."

*Id.* at 1733 (emphasis added) (internal citations omitted). The Court additionally noted that "[t]here is an even higher bar for excusing a prisoner's failure to develop the state-court record." *Id.* That standard requires the following:

> Either the claim must rely on (1) a "new" and "previously unavailable" "rule of constitutional law" made retroactively applicable by this Court, or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence." §§ 2254(e)(2)(A)(i), (ii). If a prisoner can satisfy either of these exceptions, he also must show that further factfinding would demonstrate, "by clear and convincing evidence," that "no reasonable factfinder" would have convicted him of the crime charged. § 2254(e)(2)(B). Finally, even if all of these requirements are satisfied, a federal habeas court still is not *required* to hold a hearing or take any evidence. Like the decision to grant habeas relief itself, the decision to permit new evidence must be informed by principles of comity and finality that govern every federal habeas case.

*Id.* at 1734 (citation omitted).

The Supreme Court further held that "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on

8

ineffective assistance of state postconviction counsel." *See id.* This is because the Constitution does not guarantee assistance of counsel in postconviction proceedings, and "attorney error cannot provide cause to excuse a default" where there is no Constitutional right to counsel. *See id.* at 1734.

In contrast, a claim of "actual innocence" may provide an exception to a procedural default where a petitioner is able to establish in light of new evidence that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The purpose of this standard is to ensure that any case where a procedural default is excused "is truly 'extraordinary,' while still providing [the] petitioner a meaningful avenue by which to avoid a manifest injustice." *Schlup*, 513 U.S. at 327 (citation omitted). An "actual innocence" argument can provide only a "gateway" to overcome the procedural default of a habeas claim, and does not present an independent ground for habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.").

For the reasons stated above, governing law also significantly constrains the situations in which this Court may expand the record or hold an evidentiary hearing in support of habeas claims that were procedurally defaulted.

### 3. Petitioner's Request to Expand Record to Include Specific Exhibits

The undersigned now turns to Petitioner's motion to expand the record to include the documents attached to his Traverse (ECF Docs. 22-1 through 22-37) and supplemented with exhibit labels in his Motion to Replace Exhibits (ECF Docs. 37-1 through 37-37). He seeks

expansion of the record both in support of his federal habeas claims and in support of his argument that expansion is warranted because his "claim of 'actual innocence' allows a gateway for any procedural defaults" (ECF Doc. 26 p. 3; *see also* Third Amended Petition, ECF Doc. 17).

As outlined above, there are significant limitations on this Court's authority to expand the record or grant an evidentiary hearing in support of Petitioner's federal habeas claims, whether the claims were decided on the merits in state court or were procedurally defaulted. Petitioner's argument that this Court should expand the record simply because it is "expressly permitted" under Habeas Rule 7 is not supported by governing law. (*See* ECF Doc. 26 pp. 1-2.) Further, with respect to any claims that were exhausted in state court, *Pinholster* precludes consideration of any evidence that was not before the state court when it decided the claims on the merits, regardless of prior language from *Vasquez* suggesting evidence might be considered if it "merely 'supplements' a habeas corpus claim that was previously exhausted, rather than altering the 'fundamental nature' of that claim." (*See id.* at p. 2 (quoting *Vasquez*, 474 U.S. at 260).)

With those general arguments addressed, the Court turns to whether admission of any of the proffered exhibits is warranted under the applicable legal standards. In keeping with those standards, three categories of documents will be discussed separately: (1) documents submitted to and considered by the state court; (2) documents filed in support of Petitioner's nullified petition for state post-conviction relief; and (3) documents that were not before the state court.

### (i) Documents Previously Considered by the State Court

The first category of documents considered is those that were submitted to and considered by the state court in the underlying proceedings. In their Opposition, Respondents indicate that they do not object to the requested expansion of the record to include the following documents: (1) state court filings related to Petitioner's Writ of Mandamus and the Ohio

Supreme Court's ruling on that Writ (ECF Doc. 34 p. 6 (citing ECF Docs. 22-33, 37-37)); and (2) the Affidavit of Dr. Christopher Foetisch, dated July 24, 2017 ("Foetisch Affidavit"), which Petitioner referenced in support of his Amended Petition for Post-Conviction Relief in the state court (*id.* (citing ECF Docs. 22-25, 37-29)). The undersigned finds these documents were relevant to the proceedings giving rise to the Petition and were part of the record before the state court. Accordingly, the Court GRANTS Petitioner's motion to add the state court filings (ECF Docs. 22-33, 37-37) and Foetisch Affidavit (ECF Docs. 22-25, 37-29) to the record of this case.

Petitioner argues that additional exhibits were a part of the state court record and should be admitted here because they were introduced as exhibits at trial. (ECF Doc. 36 p. 2 (citing ECF Docs. 37-1 (Petitioner's CV), 37-2 through 37-5 (medical literature), 37-13 (patient consent forms).) Respondents do agree that some of those documents were exhibits at trial. (ECF Doc. 34 pp. 7-10.) However, while the Sixth Circuit expects district courts to review the state court trial transcript in habeas cases, this Court is not required to review trial exhibits. *See Hopson v. Horton*, 838 F. App'x 147, 157 (6th Cir. 2020) (citing *Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003)); *see also* Rule Five of the Rules Governing § 2254 Cases (stating requirements for filing of trial transcripts). In a case such as this, where Petitioner has not argued that a review of the trial exhibits will demonstrate an error in the trial transcript or the factual findings of the state appellate court, the Court finds Petitioner has not sufficiently supported his request to expand the record to include those trial exhibits. *See Hopson*, 838 F. App'x at 158 (noting district court need not examine trial records where "(1) the state court opinions summarize trial testimony or relevant facts, and (2) the petitioner does not dispute those summaries" (quoting *Kraus v. Taylor*, 715 F.3d 589, 596 (6th Cir. 2013)). Petitioner's motion to add the reported trial exhibits (ECF

Docs. 22-1 through 22-5, 22-13; 37-1 through 37-5, 37-13) to the record in this habeas case is accordingly DENIED.

Petitioner argues in the alternative that some medical literature introduced at trial was also attached to his First Amended Petition for Post-Conviction Relief, which was filed in state court and considered on its merits. (ECF Doc. 36 p. 2 (stating exhibit ii to the present motion included "Exhibit IV" to his amended post-conviction petition in state court) (referencing ECF Docs. 37-2 through 37-5).) To the extent that some portion of these documents was attached to that state court motion, the undersigned notes that the document has already been made a part of the record in this case. (*See* ECF Doc. 40-32 (Defendant's First Amended Petition for Post-Conviction Relief, filed December 14, 2018).) Because the requested expansion of the record would be duplicative in this instance, the request is DENIED.

Respondents also object to any expansion of the record to include redundant exhibits, such as excerpts of trial transcripts that were already tendered in full by Respondents. (ECF Doc. 34 p. 6.) Respondents do not identify the transcripts they reportedly filed, but it appears they refer to the jury trial transcripts filed in support of their Answer / Return of Writ. (*See* ECF Docs. 20-1, 40-8 through 40-13.) Respondents also do not identify the excerpts they seek to exclude, but it appears they refer to various exhibits filed by Petitioner which summarize and comment on testimony from various civil and criminal proceedings, attaching some related transcripts as exhibits. (*See, e.g.,* ECF Docs. 22-17, 22-34, 22-36, 37-14, 37-15, 37-18.) Petitioner does not argue that the trial transcripts filed by Respondents with the Answer / Return of Writ are incomplete. (*See* ECF Doc. 36.) Instead, he focuses his argument on purported conflicts between testimony in this case and testimony given in other separate proceedings. (*See id.* at pp. 6-8.) The Court agrees with Respondents that any excerpts from the trial transcript in

12

this case would be duplicative and will not be admitted. Because the relevant exhibits also contain transcripts from other cases and other evidence that was not before the state court, they will be addressed later in this order.

For all of the reasons stated, Petitioner's request to admit evidence that was before the state court when it made its determination on the merits of his habeas claims is granted only with respect to certain state court filings (ECF Docs. 22-33, 37-37) and the Foetisch Affidavit (ECF Docs. 22-25, 37-29).

### (ii) Documents Filed in Support of Withdrawn State Court Petition

The next category of documents considered here are those Petitioner filed as exhibits in support of his initial petition for post-conviction relief in state court. Respondents explain that those exhibits were not considered by the state court because Petitioner entered a stipulation and agreement to nullify his initial petition in favor of an amended petition for post-conviction relief. (ECF Doc. 34 at pp. 6-10; *see* ECF Doc. 40-31 (Stipulation, Agreement, and (Proposed) Order on Defendant/Petitioner's Filing of an Amended Petition for Post-Conviction Relief, dated Oct. 5, 2018).) They note that Petitioner did not attach or reference the exhibits (with the exception of the Foetisch Affidavit discussed above) in support of his First Amended Petition for Post-Conviction Relief, which is the petition the state court ultimately addressed on the merits. (ECF Doc. 34 at pp. 6-10; *see* ECF Doc. 40-32 (Defendant's First Amended Petition for Post-Conviction Relief, filed December 14, 2018).) Petitioner agrees that certain "exhibits were presented to the State in the original post-conviction petition." (ECF Doc. 36 p. 2.)

The Sixth Circuit held under *Pinholster* that "review under § 2254(d)(1) is limited to the record before the state court when it ruled on the merits," while the provisions of 28 U.S.C. § 2254(e)(2) "which address when a petitioner is entitled to an evidentiary hearing[] are limited

13

to cases where the underlying claim on habeas was not adjudicated on the merits by the state court." *Moore v. Mitchell*, 708 F.3d 760, 780 (2013) (citing *Pinholster*, 131 S.Ct. at 1398, 1400-01). Indeed, the Sixth Circuit in *Moore* held that *Pinholster* applied to preclude consideration of new evidence that was not considered by the state court even when both parties had moved jointly to expand the record to include that additional evidence. *See id.*

The question here is distinct, in that it is undisputed that some of the evidence Petitioner has proffered with this motion was actually filed in the state court post-conviction relief action, and was therefore technically made a part of the state court record. (*See* ECF Doc. 34 pp. 6-10.) Nevertheless, Respondents argue that those exhibits that were filed or referenced only in support of Petitioner's original state court petition for post-conviction relief, which was nullified by stipulation of the parties (ECF Doc. 40-31), should not be added to the record in this proceeding because the exhibits were "available but never considered by the state courts." (*Id.* at pp. 13-14.)

The court in *Pinholster* held: "If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on *the record that was before the state court.*" 563 U.S. at 185 (emphasis added). This language does not support a mechanical finding that all materials submitted to the state court should automatically be made a part of the record considered in a federal habeas action. Here, where certain evidence was filed only in support of a petition that was nullified before being addressed on the merits, and was not attached or referenced in the petition that was ultimately decided on the merits, the undersigned concludes the exhibits were not "before the state court" as contemplated in *Pinholster*. This conclusion is consistent with the findings of other Ohio federal courts. *See, e.g., Johnson v. Bobby*, No. 2:08-CV-55, 2021 WL 6125049, at *30 (S.D. Ohio Dec. 28, 2021) (finding *Pinholster* precluded expansion of record to include evidence that was presented to state court in

14

successor postconviction proceedings that were denied on jurisdictional grounds); *Dunlap v. Paskett*, No. 1:99-CV-559, 2019 WL 1274862, at *9 (S.D. Ohio Mar. 20, 2019) (same). Although the evidence attached to Petitioner's original state court petition for post-conviction relief was arguably *presented to* the state court, there is a "critical distinction between state courts *being presented with* evidence and state courts *having evidence before them* within the meaning of *Pinholster*." *Johnson*, 2021 WL 6125049 at *30 (emphasis in original).

Petitioner's stipulation to nullify his original state court petition for post-conviction relief (ECF Doc. 40-31) and subsequent filing of a first amended petition for post-conviction relief that did not attach or reference the relevant evidence (ECF Doc. 40-32) had the result that "the state courts were presented with, but did not consider and therefore *did not have before them*" the evidence Petitioner now seeks to add to the record for his habeas petition. *Johnson*, 2021 WL 6125049, at *30 (quoting *Dunlap*, 2019 WL 1274862, at *9) (emphasis in original). Thus, under *Pinholster*, this Court cannot expand the record to allow consideration of such evidence in support of any of the claims adjudicated on the merits in state court.

### (iii) Documents That Were Not "Before the State Court"

The final category of documents considered is those that were not "before the state court" – including both the documents Petitioner filed in support of his nullified state court petition and various documents that he did not file in the state court action at all. Respondents contend that these documents should not be admitted to the record for consideration in support of this federal habeas petition. (*Id.* at pp. 6-10.) As discussed above, the law clearly provides that this court cannot expand the record or permit an evidentiary hearing as to those claims that were exhausted in state court, unless Petitioner is first able to establish based on the state court record alone that the § 2254(d) standards have been met. *See Stermer*, 959 F.3d at 721-22.

While some of Petitioner's claims were reportedly adjudicated on the merits in the state courts, Respondents argue in their Answer / Return of Writ that Petitioner's third ground for relief – regarding his right to effective assistance of trial counsel – was procedurally defaulted when he did not file a timely appeal of his state court petition for post-conviction relief with the Ohio Supreme Court.  (ECF Doc. 20 pp. 44-45.)   Petitioner asserts in the present motion that he "is claiming a grounds of 'actual innocence' and therefore any procedural defaults should be excused for admission."  (ECF Doc. 26 p. 3; *see also* Third Amended Petition, ECF Doc. 17.)  This "actual innocence" argument is consistent with his additional arguments regarding procedural default in his Third Amended Petition and Traverse.  (ECF Doc. 17 pp. 9-10; ECF Doc. 22 pp. 21-23.)  Respondents recognize that actual innocence is a "gateway" claim to excuse procedural default, and as such is not subject to *Pinholster*'s restrictions.  (ECF Doc. 34 pp. 14-15.)  However, Respondents argue the additional evidence fails to demonstrate Petitioner's actual innocence and is irrelevant, speculative, and insufficient to support his claim.  (*Id.* at pp. 14-27.)

In considering this motion, it is observed that this Court has not yet undertaken a full review on the merits of the Third Amended Petition, and thus has not considered whether § 2254(d)(1) or (d)(2) are satisfied based on the state court record alone, a necessary predicate to expansion of the record in support of a claim that was exhausted in state court.  With respect to Petitioner's argument of "actual innocence" in support of procedural default, it is additionally not yet clear whether procedural default of petitioner's claims occurred, or whether the Court will need to address the procedural default argument, rather than resolving any allegedly defaulted claims on the merits.  *See Trest v. Cain*, 522 U.S. 87, 89, (1997) (finding "in the habeas context, a procedural default, that is, a critical failure to comply with state procedural law, is not a

16

jurisdictional matter," and thus does not deprive the federal court of jurisdiction). (*See also* ECF Doc. 20 pp. 42-49.)

Therefore, in the interest of judicial efficiency, Petitioner's motion to expand the record is DENIED without prejudice as to the documents that were not "before the state court" (ECF Doc. 22-1 through 22-24, 22-26 through 22-32, and 22-34 through 22-37; ECF Doc. 37-1 through 37-28 and 37-30 through 37-36). This finding is subject to reconsideration or renewal in the event that this Court finds § 2254(d)(1) or (d)(2) are satisfied based on the state court record alone or undertakes an analysis of Petitioner's arguments for waiver of procedural default.

### 4. Whether Applicable Law Supports Evidentiary Hearing

Petitioner has moved in the alternative for an evidentiary hearing, but without identifying the type of evidence he seeks to obtain. (ECF Doc. 26 p. 3; ECF Doc. 36 p. 10.) He makes the request based on an argument that "if the State has evidence . . . to object to the correctness of the materials," such evidence should be presented in an evidentiary hearing. (*Id.*) As noted above, this Court "cannot use a federal evidentiary hearing to supplement the record when assessing a claim under § 2254(d)," *Stermer*, 959 F.3d at 721, and its ability to grant such a hearing is further constrained by the statutory requirements of 28 U.S.C. § 2254(e)(2). Petitioner has not met his burden to support the extraordinary relief of an evidentiary hearing, and his motion in the alternative for an evidentiary hearing is DENIED.

### B. Motion to Supplement Exhibits with Labels

Petitioner has also filed a Motion to Replace Exhibits, seeking leave to replace the thirty-seven (37) exhibits to his Traverse – the same exhibits that are the subject of the present Motion to Expand Record – with copies of the same exhibits, but with added exhibit labels. (ECF Doc. 37). The motion is not opposed. While Petitioner's motion to expand the record to include the

17

same exhibits in the record has been denied in part, the undersigned nevertheless GRANTS Petitioner's Motion to Replace Exhibits to facilitate this and any future review of those exhibits.

## V. Conclusion

For the reasons set forth above, Petitioner's Motion to Replace Exhibits is GRANTED. This Court will recognize the Exhibits contained in ECF Doc. 37 as corrected by Petitioner in all subsequent filings, including any reconsideration on full habeas corpus review.

Petitioner's Motion to Expand Record is GRANTED in part and DENIED in part. The motion is GRANTED as to specific state court filings (ECF Doc. 37-37) and the Foetisch Affidavit (ECF Doc. 37-29). The motion is DENIED as to asserted trial exhibits and duplicative attachments to the state court petition for post-conviction relief (ECF Docs. 37-1 through 37-5, 37-13), and DENIED without prejudice as to the exhibits that were not before the state court but which Petitioner seeks to admit in support of his arguments for waiver of procedural default (ECF Docs. 37-6 through 37-12, 37-14 through 37-28, 37-30 through 37-36). The motion for an evidentiary hearing is DENIED.

IT IS SO ORDERED.

Dated: September 29, 2022

                                             */s/ Amanda M. Knapp*
                                             AMANDA M. KNAPP
                                             UNITED STATES MAGISTRATE JUDGE