IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAKE PAUL HEINEY, | ) | Case No. 3:21-CV-0501 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| DONNA MOORE, Director Lucas County | ) | **OPINION & ORDER** |
| Adult Probation Department, et al., | ) | |
| | ) | |
| Respondent. | ) | |

On January 5, 2024, Magistrate Judge Amanda M. Knapp issued a report and recommendation (R&R) recommending that the Court dismiss or deny each ground in Petitioner Jake Paul Heiney's writ of habeas corpus.  ECF Doc. 42.  On January 18, 2024, Heiney filed a *pro se* objection to Magistrate Judge Knapp's R&R.  ECF Doc. 47.  The Court has conducted a *de novo* review of Magistrate Judge Knapp's R&R and agrees with her recommendations.  For the reasons stated below, the Court overrules Mr. Heiney's objection and adopts the R&R.

I.     **Background**

On August 7, 2015, Heiney was indicted on two charges of gross sexual imposition in violation of Ohio Rev. Code § 2907.05(A)(1) and (C), felonies in the fourth degree, and one charge of tampering with records in violation of Ohio Rev. Code § 2913.42(A)(1) and (B)(1)(2)(a), a misdemeanor of the first degree.  ECF Doc. 40-2.  Following trial, a jury found Heiney guilty on all three counts.  ECF Doc. 40-1 at 11.  The trial court sentenced Heiney to 180

days in jail, 90 days in the county work release program, fined him $5,000 and designated him a Tier 1 sex offender.  ECF Doc. 40-1 at 12-13.

Through counsel, Mr. Heiney filed an appeal and raised eleven assignments of error.  The Ohio Court of Appeals affirmed the trial court's judgment.  *State v. Heiney*, 2018-Ohio-3408, 117 N.E.3d 1034 (6th Dist.).  Also through counsel, Mr. Heiney filed a memorandum in support of jurisdiction to the Ohio Supreme Court, which declined to accept jurisdiction on December 26, 2018.  ECF Doc. 40-25; *State v. Heiney*, 154 Ohio St.3d 1464 (2018).

Heiney filed a petition for postconviction relief on October 12, 2017.  ECF Doc. 40-1. He filed an amended petition for state postconviction relief on December 14, 2018.  ECF Doc. 40-32.  On May 1, 2019, the trial court denied Heiney's postconviction petition finding it was barred by res judicata.  Heiney appealed to the state court of appeals, which affirmed the denial of his petition on different grounds.  ECF Doc. 40-39.  Heiney did not file a timely appeal to the Ohio Supreme Court on his petition for postconviction relief.  ECF Doc. 17, p.10.

Heiney filed a petition for writ of habeas corpus on March 3, 2021.  ECF Doc. 1.  Since then, he has amended his petition three times.  ECF Docs. 7, 12, 17.  All of Heiney's petitions have been filed through counsel.  His third amended petition was filed on June 4, 2021 and sets forth the following grounds:

1. Dr. Heiney's right to due process and a fair trial was violated under the United States Constitution Amendments V, and XIV as his convictions are not supported by sufficient evidence.

2. Dr. Heiney was denied the right to a trial by jury under Amendments VI and XIV and Due Process Under Amendment XIV.

3. Heiney's right to effective assistance of counsel was deprived under the United States Constitution Amendment XI, XIV.

    4.   Dr. Heiney claims actual innocence to excuse any procedural defaults in his claims.

ECF Doc. 17.

On January 4, 2024, Magistrate Judge Knapp recommended that the Court deny Ground One on the merits, deny Ground Two as noncognizable or on the merits, dismiss Ground Three as procedurally defaulted, and dismiss Ground Four as noncognizable.  ECF Doc. 42.  On January 18, 2024, Heiney filed a *pro se* objection to Magistrate Judge Knapp's R&R.  ECF Doc. 47.  Rather than objecting to specific parts of the R&R in his *pro se* objection, Heiney has requested *de novo* review of the R&R *in toto* and has included an exhaustive recitation of all of his arguments related to the first three grounds of his petition.

## II.    Standard of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See Powell v. United States*, 37 F.3d 1499 (Table), [published in full-text format at 1994 U.S. App. LEXIS 27813] 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted).  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); L.R. 72.3(b) (any objecting party shall file "written objections which shall

specifically identify the portions of the proposed findings, recommendations, or report to which

objection is made and the basis for such objections").  After review, the district judge "may

accept, reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

### III.    Heiney's Objection

Mr. Heiney filed a lengthy *pro se* objection restating and expounding on all of the

arguments he presented in the first three grounds[1] of his habeas petition, which have been

rejected by Magistrate Judge Knapp.  ECF Doc. 47.  Because Heiney has simply restated his

arguments, generally disagreeing with all aspects of the R&R on Grounds One through Three,

the Court could summarily overrule his objection as nonspecific.  *See Aldrich,* 327 F. Supp. 2d at

747 (E.D. Mich. 2004); Fed. R. Civ. P. 72(b)(3).  However, after conducting a *de novo* review,

the Court will briefly explain its agreement with Magistrate Judge Knapp's R&R below.

### IV.    Law & Analysis

#### A.  Ground One

Magistrate Judge Knapp recommends that Ground One be denied on the merits because

there was sufficient evidence to convict Heiney on the three charges in the state's indictment.

The main (exhausted) argument Heiney now raises in Ground One is that there was insufficient

evidence on: 1) the elements of force and sexual gratification on the gross sexual imposition

charges; and 2) the "alteration" element of the tampering with records charge.  The state court of

appeals thoroughly evaluated the sufficiency of the evidence arguments raised by Heiney.

Magistrate Judge Knapp reviewed the state court of appeals' decision and determined that it had

reasonably determined there was sufficient evidence on all of the elements of Heiney's

---

[1] It appears that Heiney has abandoned the actual innocence claim submitted in Ground Four of his Third Amended Petition.

convictions.  The undersigned has also reviewed the state court of appeals' opinion and agrees that it was not unreasonable in concluding that a rational trier of fact could find that the evidence was sufficient to support Heiney's convictions, and specifically its findings on force, sexual gratification and altering or tampering with records.  Heiney's lengthy objection to Magistrate Knapp's recommendation on the insufficient evidence argument in Ground One lacks merit.  Ground One of his writ of habeas corpus is DENIED.

### B.  Ground Two

Magistrate Judge Knapp recommends that Ground Two be denied as noncognizable or as lacking merit.  Heiney's main argument on Ground Two is that the psychological force instruction given to the jury was not harmless error and deprived him of a fair jury trial.  In considering Heiney's challenge to the psychological force instruction, the state court of appeals determined that one sentence of the force instructions had been incorrect, but overall, the instructions correctly explained Ohio law.  The state court of appeals also found that the incorrect sentence included in the jury instructions had been harmless.

Magistrate Knapp correctly noted that Heiney's challenge to the trial court's jury instructions predominantly involves an interpretation of Ohio law and is not an issue for habeas review.  Magistrate Knapp also determined that Heiney has failed to show that the trial court's jury instruction on force rendered his trial fundamentally unfair.  The undersigned agrees with both conclusions.  Issues of state law are not cognizable on habeas review.  *See Estelle v. McGuire,* 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241); *see also, Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *Engle v. Isaac,* 456 U.S. 107, 121 n. 21 (1982).  Second, with the minor exception of the psychological component, the trial court's jury instructions correctly described Ohio's definition of force.  At trial, the prosecution argued that Heiney *had* used physical (not

just psychological) force on his victims by manipulating their clothing items without permission.

Thus, there was sufficient evidence for the jury to determine that Heiney had used force–as

properly defined under Ohio law–and that he was guilty of gross sexual imposition.  Heiney has

not shown that the error in the instructions "so infected the entire trial that the resulting

conviction violated due process."  *Daniels v. Lafler,* 501 F.3d 735, 741 (6th Cir. 2007).  For

these reasons, Ground Two of Heiney's petition is DENIED.

### C.  Ground Three

Magistrate Judge Knapp recommends the Court dismiss Ground Three of Heiney's

petition as procedurally defaulted.  Ground Three of Heiney's petition raises an ineffective

assistance of counsel claim.  Heiney did not raise an ineffective assistance of counsel claim in his

direct appeal following trial, but he did raise it in his petition for post-conviction relief.  ECF

Doc. 40-32.  The trial court denied his petition (ECF Doc. 40-35), and the state court of appeals

affirmed.  ECF Doc. 40-36.  Heiney did not appeal the state court of appeals' decision to the

Ohio Supreme Court, and state law no longer allows him to raise this claim.  *See State v. Nichols,*

463 N.E.2d 375, 378 (Ohio 1984).  Thus, his ineffective assistance of counsel claim is

procedurally defaulted.  *See* 28 U.S.C. § 2254(b), (c); *Anderson v. Harless,*  459 U.S. 4, 6 (1982)

(per curiam); *Picard v. Connor,* 404 U.S. 270, 275-276 (1971); *see also, Fulcher v. Motley,*  444

F.3d 791, 798 (6th Cir. 2006).

The Court has reviewed the detailed analysis in Magistrate Knapp's R&R and Heiney's

argument that cause and prejudice justify the procedural default of his ineffective assistance of

counsel claim.  The Court agrees with Magistrate Judge Knapp that Heiney has failed to show

cause and prejudice excusing his default.  The so-called confusing COVID-19 tolling orders did

not excuse Heiney from appealing his ineffective assistance of counsel claims to the Ohio

Supreme Court.  To find otherwise, would be to completely disregard the requirement that  a habeas claim must first be presented to the state courts for consideration on its merits.

The Court has also reviewed Magistrate Judge Knapp's analysis and the evidence Heiney submitted in an attempt to show that he was actually innocent of the crimes of which he was convicted.  The Court agrees with Magistrate Judge Knapp that the evidence submitted does not negate the statements of witnesses who testified against Heiney at trial.  There are explanations, which respondent has articulated, for the alleged inconsistencies in the witnesses' statements. Heiney has not presented new and reliable evidence showing that he was actually innocent of the crimes of which he was convicted.  Because Heiney's Ground Three claim is procedurally defaulted, and he has failed to show cause and prejudice excusing his default or that he is actually innocent, Ground Three of his habeas petition is hereby DISMISSED.

### D.  Ground Four

Magistrate Judge Knapp recommends the Court dismiss Ground Four–an actual innocence argument[2]– as noncognizable.  Magistrate Judge Knapp cites case law clearly holding that claims of actual innocence are not independent constitutional grounds for habeas review. *Herrera v. Collins,* 506 U.S. 390, 416 (1993); *Cress v. Palmer,* 484 F.3d 844, 854 (6th Cir. 2007).  While Heiney argues that he is innocent, he has not specifically objected to the dismissal of his stand-alone Ground Four actual innocence claim.  Because Ground Four is noncognizable, it is hereby DISMISSED.

---

[2] While Heiney's actual innocence claim cannot stand alone as a separate ground, his actual innocence argument has been fully considered in relation to the procedural default of his Ground Three claim.  Heiney has failed to present new and reliable evidence showing his actual innocence.

**V.      Conclusion**

Upon *de novo* review, the Court agrees with Magistrate Judge Knapp that Grounds One and Two of Heiney's petition should be DENIED, Ground Three should be DISMISSED as procedurally defaulted and Ground Four should be DISMISSED as noncognizable.  The Court OVERRULES Mr. Heiney's objection, ADOPTS Magistrate Judge Knapp's R&R, and DENIES Mr. Heiney's petition for habeas review.

IT IS SO ORDERED.


Dated: February 1, 2024

                                                                    *s/Dan Aaron Polster*
                                                                    United States District Judge

8